**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4361**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

KENNETH ODELL JACKSON,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  G. Ross Anderson, Jr., Senior
District Judge.  (7:08-cr-00207-GRA-1)

———————

Submitted:  October 17, 2013          Decided:  October 21, 2013

———————

Before AGEE, DAVIS, and KEENAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

David W. Plowden, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.   William N. Nettles, United
States Attorney, A. Lance Crick, Assistant United States
Attorney, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Odell Jackson appeals the twenty-four-month sentence imposed for violating his federal supervised release. Jackson pled guilty to the violation based upon new criminal conduct, here, his South Carolina conviction for possession with intent to distribute methamphetamine. He alleges that the district court imposed a procedurally unreasonable revocation sentence because the district court imposed it to run concurrently with his state sentence, but without reducing his sentence to account for the two-month delay caused by state officials who failed to deliver him to federal court when originally scheduled. For the reasons that follow, we affirm.

The district court heard arguments from the parties (which included defense counsel's arguments regarding the two-month delay), listened to Jackson himself and to his sister, and decided to impose a twenty-four-month sentence to be served concurrently to Jackson's South Carolina sentence. The court specifically noted Jackson's criminal history category of III, that his offense was grade A, and that his advisory policy statement was 18-24 months. See U.S. Sentencing Guidelines Manual § 7B1.4(a), p.s. (2012). The court expressly applied 18 U.S.C. § 3553(a) (2006) factors.

A district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United

2

States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). In determining whether a revocation sentence is plainly unreasonable, we first assess the sentence for unreasonableness, following generally the procedural and substantive considerations that we employ in our review of original sentences. Id. at 438.

A supervised release revocation sentence is procedurally reasonable if the district court considered the Sentencing Guidelines' Chapter 7 advisory policy statements and the 18 U.S.C. § 3553(a) factors it is permitted to consider in a supervised release revocation case. 18 U.S.C.A. § 3583(e) (West 2000 & Supp. 2013); Crudup, 461 F.3d at 439. Although a district court need not explain the reasons for imposing a revocation sentence in as much detail as when it imposes an original sentence, it still must provide a statement of reasons for the sentence imposed. Thompson, 595 F.3d at 547. A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will we then decide

3

whether the sentence is plainly unreasonable. Id. at 439. A sentence is plainly unreasonable if it is clearly or obviously unreasonable. Id.

Jackson contends that his sentence is procedurally unreasonable because the district court did not specifically address his argument regarding the two-month delay by state officials transporting him to federal court for the revocation hearing. We conclude that this contention is without merit and note that the district court was not required to impose Jackson's revocation sentence concurrent to his state offense. In announcing its sentence, the district court discussed relevant § 3553(a) factors it was allowed to consider in imposing a revocation sentence under § 3583(e). Assuming, without deciding, that Jackson's revocation sentence was unreasonable because the district court failed to provide an adequate explanation grounded in relevant § 3553(a) factors, we conclude that the sentence is not "plainly unreasonable" because the sentence does not exceed the applicable statutory maximum, see 18 U.S.C. § 3559(a)(1) (2006); 18 U.S.C.A. § 3583(e)(3), and Jackson fails to point to facts establishing that the sentence is clearly or obviously unreasonable.

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED